UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PAUL LEE, | ) | CASE NO. 4:09 CV 600 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MICHAEL MUSKASEY, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

       Pro se plaintiff Paul Lee filed this action against former United States Attorney General Michael Muskasey, United States Attorney for the Northern District of West Virginia, Sharon L. Potter, and United States Director of Federal Torts Claims John Doe.  On June 19, 2009, Mr. Lee filed an Amended Complaint.  In the amended pleading, he names the Department of Justice as the defendant and contends that the Office of the United States Attorney for the Northern District of West Virginia and the Ohio Valley Drug Task Force violated his Fourth Amendment rights by recording his conversations with an undercover agent during the agent's purchase of a controlled substance from Mr. Lee.  He seeks $ 1,000,000.00 in damages.

**Background**

On May 13, 1994, Mr. Lee sold crack cocaine to an undercover agent working with the Ohio Valley Drug Task Force ("Task Force"). The Task Force is comprised of law enforcement officials from federal, state, and local offices. The agent was wearing a body transmitter and recorder during the purchase. Surveillance cameras were established outside of Mr. Lee's residence to provide video recording of the transaction. After the agent was able to purchase the controlled substance, Mr. Lee was arrested. He pled guilty to one count of conspiracy to possess with intent to distribute crack cocaine, and two counts of distribution of crack cocaine on November 6, 1994, and was sentenced to 200 months imprisonment and eight months of supervised release.

In his original complaint, Mr. Lee contended that the United States Attorney General, the United States Attorney for the Northern District of West Virginia, and the Director of the Federal Tort Claims Office failed to produce information he requested under the Freedom of Information Act. Twelve years after his conviction, in September 2006, Mr. Lee sent a letter seeking "full disclosure and release of all records and/or data contained in the files of your Agency, and specifically under my name and/or identifier assigned to my name." (Compl. Ex. A. at 1.) The letter is addressed: "To Whom It May Concern." There is no address on the letter, or any other indication of the entity to which the letter was sent. An identical letter was dated October 11, 1006. Mr. Lee provides photocopies of what appear to be the envelopes without post marks. The first is addressed to the "Ohio Valley Drug Task Force, C/O Michael J. Fluharty/David Black/Terry Crawford." (Compl. Ex. A at 5.) The other is addressed to the "Wheeling Police Department C/O Ohio Valley Drug Task Force." (Compl. Ex. A at 6.) He asserts that the "request from the

requesting party should be processed at the offices to which they are submitted and not simply filtered down to other are [sic] offices, and not referred to the originating agency or offices for processing or alteration prior to release." (Compl. at 1.) He filed a claim under the Federal Tort Claims Act, alleging the Task Force violated his rights under the Freedom of Information Act. He claims the "Director of Torts, Civil Division, U.S. Department of Justice, Washington" did not provide him with the documentation he sought from the Task Force. (Compl. Ex. B.)

Mr. Lee received a response to his Freedom of Information Act request from the United States Attorneys Office in 2007. The Assistant Director of the Freedom of Information Act/Privacy Unit of the United States Attorney's office informed Mr. Lee that a search in the Northern District of West Virginia revealed no records. Mr. Lee attempted to revise his request in October 2007 to seek production of the Title III Application for interception and disclosure of wire, oral, or electronic communications. Mr. Lee contends a court order is required to permit a listening devise to be placed on the informant in his criminal case. Although this form was dated October 10, 2007, a letter formalizing the Freedom of Information Act request for this document was dated April 5, 2009. A letter from the Department of Justice Freedom of Information/Privacy Unit, dated June 3, 2009, indicated that a search of their records would take place.

Mr. Lee contends that the United States Attorney for the Northern District of West Virginia and Ohio Valley Drug Task Force violated his Fourth and Fifth Amendment rights by using a confidential informant to buy a controlled substance from Mr. Lee. He indicates that no warrant was issued for the recording device worn by the informant. He contends that the evidence obtained by this recording was used to secure his indictment, which he concludes therefore is also defective.

3

He asserts he is entitled to damages from the United States Attorney for the Northern District of West Virginia, and members of the Task Force.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, the claims asserted against Ramon Perez are dismissed pursuant to §1915(e).

A prisoner may not raise claims in a civil action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Lee is clearly challenging the validity of evidence used to secure his indictment and conviction. He must therefore allege that his conviction has been declared invalid by either an Ohio state court

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

4

or a federal habeas corpus decision. Mr. Lee is still serving his sentence for his conviction on the drug charges. His claims must therefore be dismissed.

## Conclusion

Accordingly, dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


    s/Peter C. Economus   7/7/09
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE